**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PURDUE PHARMA L.P., et al.,<br><br>      Debtors. | Case No. 19-23649 (RDD)<br><br>Chapter 11 |
| PURDUE PHARMA L.P., et al.,<br><br>      Plaintiffs,<br>v.<br><br>AIG SPECIALTY INSURANCE COMPANY (F/K/A AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY), et al.,<br><br>      Defendants. | Jointly Administered<br><br>Adv. Case No. 21-07005-rdd |

**REPLY BRIEF IN SUPPORT OF NATIONAL UNION'S RULE 12(e)
<u>MOTION FOR A MORE DEFINITE STATEMENT</u>**

Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") respectfully submits this reply brief in support of its motion for a more definite statement pursuant to Federal Rule of Civil Procedure ("Rule") 12(e) (the "Motion" or "Mot.") and responding to Plaintiffs' Consolidated Memorandum of Law in Opposition to Defendants' Motions for More Definite Statement (the "Opposition" or "Opp.").[1]

## INTRODUCTION

National Union explained in its Motion that it cannot identify the policies under which Plaintiffs are suing based on the information contained in the Complaint. It put before the Court and the Plaintiffs a copy of the only policy in its possession and showed that it does not match Plaintiffs' description of National Union's coverage in the Complaint. The policy shows that the applicable policy period is October 1, 2000 through October 1, 2003, while Exhibit A to the Complaint says that the Debtors have coverage from October 1, 2001 through October 1, 2005. Rather than confirm that the policy National Union identified is the only policy for which they seek coverage, provide any other policy they have, or identify the "other information" that suggests to them that an additional policy or policy extension exists, Plaintiffs spend nineteen pages arguing that they do not have to tell National Union which precise policies are at issue because "the allegations in the Complaint are equally specific as to all Defendant Insurers" and that any discrepancies can be cleared up in discovery. That entirely misses the point. It is no answer to say that other defendants are not complaining when the issue is *this* defendant's policies. It also is not the kind of problem that can be addressed in discovery in the first instance, because in order

---

[1] National Union does not consent to entry of final orders or judgment by the Bankruptcy Court. *See* Fed. R. Bankr. P. 7012.

-1-

to file a responsive pleading consistent with its Rule 11 obligations, National Union needs to know which policies it is answering for.

A recent filing by Plaintiffs confirms that Plaintiffs are engaged in a game of hide-the-ball with respect to the policies under which they are seeking coverage from National Union. In response to Liberty's Motion to Withdraw the Reference, Dkt. No. 7:21-cv-02674, Plaintiffs filed the Declaration of Paul E. Breene, which attached excerpts of a policy that appears to cover the same policy periods as the version of the policy National Union has in its possession, October 1, 2000 through October 1, 2003. Decl. of Paul E. Breene in Support of Plaintiffs' Opposition to Liberty's Motion to Withdraw the Reference, Ex. 59, No. 7:21-cv-02674 (S.D.N.Y. May 3, 2021), ECF No. 34-59. By contrast, Plaintiffs' description of the National Union coverage in Exhibit A to the Complaint says there is coverage for the period October 1, 2001 through October 1, 2005. Opp. at 8–10. So Mr. Breene's declaration comports with what National Union believes may be the policy at issue, but Plaintiffs' Complaint suggests there is more coverage without identifying, let alone attaching, the policy or other information on which this assertion is based.

The authorities cited in both the Motion and Plaintiffs' Opposition establish that a complaint missing both the agreement at issue and allegations specific to the agreement at issue fails to meet even the liberal standard of Rule 8. That is the case here. Accordingly, Plaintiffs should be required to provide a more definite statement of the precise policies and term for which they seek coverage from National Union.

**ARGUMENT**

**PLAINTIFFS SHOULD PROVIDE NATIONAL UNION WITH A MORE DEFINITE STATEMENT OF THE POLICIES FOR WHICH THEY ARE SEEKING COVERAGE**.

The Adversary Complaint fails to provide clear notice of the insurance coverage claims against National Union. Exhibit A to the Complaint identifies National Union Policy 3574057 which, on its face, covers the period between October 1, 2000 and October 1, 2003. *See* Adversary Complaint, Ex. A at 5; Mot. at 3. That is the policy in National Union's possession. And those also appear to be the policy periods covered in the version attached to Mr. Breene's declaration filed with Plaintiffs' Opposition to Liberty's Motion to Withdraw the Reference, based on the excerpted pages included. *See* Decl. of Paul E. Breene in Support of Plaintiffs' Opposition to Liberty's Motion to Withdraw the Reference, Ex. 59, No. 7:21-cv-02674 (S.D.N.Y. May 3, 2021) ECF No. 34-59. Thus, it would appear that the policy at issue in this case covers the period October 1, 2000 through October 1, 2003. However, Plaintiffs allege in Exhibit A to their Complaint that they seek coverage for the period October 1, 2003 through October 1, 2005. *See* Adversary Complaint, Ex. A at 5. Yet they provide no support for that purported additional coverage. To make matters even more unclear, although Plaintiffs recognize that another policy, AISLIC Policy 2674708, which shares a limit of coverage with National Union Policy 3574057, was settled and exhausted years ago, *id*. at ¶ 23, they nonetheless assert that coverage remains under some National Union policy. They provide no explanation of why that would be, and in particular whether that position is based on some other policy information they have not identified or provided. *See* Mot. at 5. Plaintiffs' inconsistent positions cry out for clarification at the outset of the case.

Plaintiffs do not come to grips with any of this. Instead, they contend that they need only allege "the existence and general terms of an insurance policy" to provide reasonable notice and that because there is "no requirement that the contract be attached to the complaint or that the

complaint quote each relevant provision verbatim," the Adversary Complaint does not require clarification. Opp. at 6 (citations and quotations omitted). This is a distortion of Rule 8 and the spirit of fair litigation practice.

Plaintiffs also suggest that National Union's difficulty with the conflicting information in the Adversary Complaint "reflects a substantive disagreement" and is therefore improper. Opp. at 11. Plaintiffs conflate National Union's evidence of conflict with a substantive challenge. National Union is not mounting a substantive challenge at this stage. Indeed, it cannot mount such a challenge effectively until it has notice of the basis of the claims against it. That is the point of a Rule 12(e) motion.

The cases cited by Plaintiffs support National Union's motion. Those cases relied on allegations specific to the agreements at issue to conclude they provided fair notice to the defendants. *See Joya v. Verizon N.Y., Inc.*, No. 08 Civ. 5328(PKL), 2008 WL 4667987, at *2 (S.D.N.Y. Oct. 20, 2008) (denying Rule 12(e) motion where complaint alleged a tort occurred on "property in the Syracuse area of Onondaga County on which underground cable was installed on May 15, 2006"); *Kok v. First Unum Life Ins. Co.*, 154 F. Supp. 2d 777 (S.D.N.Y. 2001) (allegations relating to specific payments associated with the relevant contract sufficed). Here, the Complaint contains no substantive allegations specific to the National Union policies. In fact, the limited information about the policies provided in Exhibit A conflicts with the policy identified by National Union and Mr. Breene.

Plaintiffs cite *Goldstein v. New Jersey Trust Co.*, for the proposition that a co-defendant's ability to answer indicates a complaint is sufficiently clear to overcome a Rule 12(e) motion. Opp. at 7. That is misleading. The district court in that case "scrutinized" the complaint and "conclude[ed]" it was not so vague or ambiguous as to prejudice the defendant. *Goldstein v. New*

*Jersey Tr. Co.*, 39 F.R.D. 363, 369 (S.D.N.Y. 1966). It separately noted that a co-defendant's answer amounted to "at least some evidence that it would not be 'unreasonable' to require [defendant] to do so." *Id*. Here, the issue has nothing to do with common allegations of fact to which a co-defendant would be responding. National Union's Motion is not speaking to common allegations. The issue is the lack of clarity of the allegations specific to National Union.

Nor would discovery meaningfully redress the lack of clarity in the Complaint as Plaintiffs suggest. *See* Mot. at 6–7. At this stage in the pleadings, National Union is being asked to consider admissions, denials, and defenses, all of which, at a minimum, require notice of the actual agreements on which Plaintiffs are relying. *See Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 445 (S.D.N.Y. 2005) (granting Rule 12(e) motion where "defendant cannot be expected to respond to the plaintiffs' allegations if it is not apprised of the" specific facts underlying the claims raised). The Complaint puts National Union in an untenable position because, without further information identifying the policies at issue, it will be forced to make factual assumptions about Plaintiffs' coverage claims. This it cannot do. *See Certain Underwriters at Lloyd's of London v. MSC Mediterranean Shipping Co. S.A.*, No. 18-CV-10409 (ALC), 2020 WL 1157862, at *2 (S.D.N.Y. Mar. 10, 2020) (a defendant "cannot supply facts to Plaintiff's ambiguous complaint and then rely on those facts to argue that Plaintiff's claims should be dismissed").

It would be a simple matter for Plaintiffs to provide the information that they claim shows that National Union owes coverage beyond the 2002–2003 policy period—if they have it. Plaintiffs have in front of them National Union's Exhibit 1 to the Motion, which is a complete version of the policy showing that the applicable policy period is October 1, 2000 through October 1, 2003. They also have the policy attached to Mr. Breene's declaration, which is similar to and

-5-

covers the same policy periods as National Union's policy. It would take a sentence or two to explain—or, better, attach—the policy or "other information" on which they are basing their contention that the coverage extends to October 1, 2005. Instead, they submitted a 19-page opposition that largely deals with the separate motions of Gulf Underwriters Insurer Company and St. Paul Fire and Marine Insurance Company in which they accuse National Union of being dilatory. If Plaintiffs have information showing they are entitled to coverage beyond 2002–2003, they should provide it before National Union is required to respond to the Complaint.

## CONCLUSION

For the foregoing reasons, National Union respectfully requests that the Court grant this motion for a more definite statement and such other and further relief as may be just and proper.

Dated: New York, New York
May 20, 2021

/s/ *Mitchell J. Auslander*
Mitchell J. Auslander
**WILLKIE FARR & GALLAGHER LLP**
787 Seventh Avenue
New York, NY 10019-6099
(212) 728-8201
mauslander@willkie.com

Joseph G. Davis
**WILLKIE FARR & GALLAGHER LLP**
1875 K Street, NW
Washington, DC 20006-1238
(202) 303-1131
jdavis@willkie.com

*Counsel for National Union Fire Insurance Company of Pittsburgh, PA*