# EXHIBIT "1"

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Southern_____ District of _____New York_____

In re ___Purdue Pharma L.P., et al.___
              Debtor
*(Complete if issued in an adversary proceeding)*

Case No. ___19-23649 (RDD)___

Chapter ___11___

___Purdue Pharma L.P., et al.___
              Plaintiff
              v.
___AIG Specialty Insurance, et al.___
              Defendant

Adv. Proc. No. ___21-07005 (RDD)___

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: _Keeper of Records - American Society of Addiction Medicine c/o Registered Agent Carolyn Lanham_
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. 555 12th Street NW, Suite 1100, Washington, DC 20004 OR Mutually Agreed Upon Location Within 100 Miles of the Keeper of Records | June 3, 2022 at 5:00 PM EST |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/16/2022

CLERK OF COURT

                              OR

_____      ___/s/ Nicholas C. Cramb___
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* _Liberty Mutual[1]_, who issues or requests this subpoena, are:
Nicholas C. Cramb, Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C., One Financial Center, Boston, MA 02111, Tel: 617-542-6000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

---

[1] Defendants Liberty Mutual Insurance Company, Liberty Mutual Fire Insurance Company, and Liberty Insurance Corporation

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

21-07005-shl    Doc 236-1    Filed 05/16/22    Entered 05/16/22 10:51:25    Exhibit 1 - Subpoena    Pg 4 of 10

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# SCHEDULE A

## DEFINITIONS

Pursuant to Local Bankruptcy Rule 7026-1, the uniform definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the United States District Courts for the Southern District of New York are incorporated fully herein. In addition, the following definitions shall apply to each and every document request (each a "Request," and together "Requests"):

1. "ASAM," "You," or "Your" refers to the American Society of Addiction Medicine, including each representative acting for or on behalf of ASAM, including: corporate subgroups, parent corporations, assignees, agents, representatives, trustees, directors, officers, members, employees (both current and former), affiliates, predecessors and successors in interest, subsidiaries (including direct and indirect subsidiaries), divisions, subdivisions, and counsel.

2. "Adversary Proceeding" means the adversary proceeding in the United States Bankruptcy Court for the Southern District of New York captioned *Purdue Pharma, L.P. et al. v. AIG Specialty Insurance Company et al.*, Adv. Pro. No. 21-07005 (RDD).

3. "Communication" means the transmittal of all forms of written and electronic information (in the form of facts, ideas, inquiries, or otherwise), including e-mails, text messages, letters, and faxes, whereby information is transmitted between two or more persons, and includes all documents attached to or enclosed with such communications.

4. "Document" or "Documents" are synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a separate Document within the meaning of this term.

5.   "Opioid Products" means opioid medications, opioid drugs, and any products developed with formulations including opiate agonists such as oxycodone, morphine, buprenorphine, and hydrocodone.

6.   "Purdue" refers to Purdue Pharma L.P.; Purdue Pharma Inc.; Purdue Pharma Manufacturing L.P.; Purdue Pharma Pharmaceuticals L.P.; Purdue Transdermal Technologies L.P.; Purdue Pharmaceutical Products L.P.; Purdue Pharma of Puerto Rico; Rhodes Pharmaceuticals L.P.; Rhodes Technologies; and/or Avrio Health L.P. (formerly known as Purdue Products L.P.), including any successors or predecessors, subsidiaries or divisions, whether present or former, and any of their present or former directors, officers, agents, representatives, accountants, attorneys, and anyone acting in cooperation or concert with any one of them, including experts consulted or retained by them.

7.   "Relating to" and "Regarding" mean directly or indirectly mentioning or describing, pertaining to, concerning, referring to, evidencing, constituting, arising out of, being connected with, or reflecting upon a stated subject matter.  The terms are intended broadly, but not in a way designed to seek information that is irrelevant or otherwise beyond the scope of permissible discovery authorized by the applicable Federal Rule(s) of Civil Procedure.

8.   The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.   Each Request below shall operate and be construed independently, and unless otherwise indicated, no Request limits the scope of any other Request.  Unless otherwise stated with respect to a particular

2. In reviewing files for Documents responsive to the Requests, You are required to search for Documents and Communications in Your possession and also to search for Documents and Communications that are in the possession of Your attorneys, accountants, agents, or any other individual acting on Your behalf or under Your control—with the exception of privileged Documents or Communications. If You know of Documents or Communications responsive to any Request that exist outside Your possession or control, so identify all such Documents or Communications in response to the Request.

3. If You claim that any Documents or Communications called for in these Requests are immune from discovery on the basis of privilege or any other basis, set forth Your reason for such a belief in Your response to the Requests—the reason You provide should be in accordance with Rule 7034-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York.

4. If You have withheld from production responsive Documents or Communications on the basis that You assert a claim of privilege as to that Document or Communication, You shall prepare a list of withheld Documents and Communications that lists the following information for each such Document or Communication, or part thereof, withheld on such a basis:

    a. the title or general subject matter of each Document or Communication;

    b. the type of Document or Communication (e.g., letter, memorandum, note, report, etc.), including whether there are attachments or enclosures;

    c. the date of the Document or Communication;

    d. the name of the author of the Document or Communication;

  e. each recipient of the Document or Communication, including each person(s) for whom it was prepared, to whom it was addressed, or to whom a copy was sent;

  f. the nature and the basis for the claim of privilege; and

  g. sufficient additional information about the Document or Communication as is necessary to justify Your claim of privilege.

5. An objection or claim of privilege or immunity directed to part of a Request does not constitute an excuse for failure to respond to the parts of a Request for which no objection or claim of privilege or immunity is made.

6. If any Document responsive to these Requests to Your knowledge has been lost, destroyed, or otherwise disposed of, such Document is to be identified as completely as possible, including the following information: contents; author(s); recipient(s); sender(s); copied recipient(s) (indicated or blind); date prepared or received; date of disposal (approximate, if precise date is not known); manner of disposition; Person(s) currently in possession of the Document; Person(s) disposing of the Document.

7. The use of a verb in any particular tense shall be construed as the use of the verb in all other tenses whenever necessary to bring within the scope of a Request any Documents or information that You might otherwise construe to be outside the scope of the Request.

8. The reference to any entity shall include any and all past or present officers, directors, employees, associates, consultants, attorneys, representatives, and agents or any other person or entity representing such entity or acting on its behalf as well as any and all affiliate entities, predecessors, successors in interest, and their respective officers, directors, employees, associates, consultants, attorneys, representatives, and agents.

9. Whenever appropriate, the singular form of a word shall also be interpreted as a plural, and the plural form of a word shall also be interpreted as singular.

10. Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure, each responsive Document shall be produced as it is kept in the usual course of business, including its original file folder with all markings intact, or organized and labeled to correspond to the categories identified in this Requests.

11. Each Request below shall operate and be construed independently, and unless otherwise indicated, no Request limits the scope of any other Request.

## REQUESTS FOR PRODUCTION

**Request No. 1**:

All Documents produced by You in connection with *In Re National Prescription Opiate Litigation,* MDL No. 2804 (the "Multi-District Litigation"), including in response to any third-party subpoena(s).

**Request No. 2**:

All Documents produced by You in any lawsuit filed against You involving Opioid Products.

**Request No. 3**:

All documents, including drafts thereof, relating to a consensus document authored by You, the American Academy of Pain Medicine, and the American Pain Society entitled *Use of Opioids for the Treatment of Pain*.

**Request No. 4**:

All documents, reports, analyses, articles, presentations, surveys, survey results, or drafts thereof supporting Your finding that "Of the 20.5 million Americans 12 or older that had a

5

substance use disorder in 2015, 2 million had a substance use disorder involving prescription pain relievers and 591,000 had a substance use disorder involving heroin" as stated in Your Opioid Addiction 2016 Facts & Figures.

**Request No. 5**:

All documents, reports, analyses, articles, presentations, surveys, survey results, or drafts thereof supporting Your finding that "It is estimated that 23% of individuals who use heroin develop opioid addiction" as stated in Your Opioid Addiction 2016 Facts & Figures.

**Request No. 6**:

All documents, reports, analyses, articles, presentations, surveys, survey results, or drafts thereof supporting Your finding that "Four in five new heroin users started out misusing prescription painkillers" as stated in Your Opioid Addiction 2016 Facts & Figures.

**Request No. 7**:

All documents, reports, analyses, articles, presentations, surveys, survey results, or drafts thereof supporting Your finding that "Four in five new heroin users started out misusing prescription painkillers" as stated in Your Opioid Addiction 2016 Facts & Figures.