UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------------x

In re:

PURDUE PHARMA L.P., *et al.*,

Debtors.[1]

------------------------------------------------------------------------------x

PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE PHARMA MANUFACTURING L.P., PURDUE PHARMACEUTICALS L.P., PURDUE TRANSDERMAL TECHNOLOGIES L.P., PURDUE PHARMACEUTICAL PRODUCTS L.P., PURDUE PHARMA OF PUERTO RICO, RHODES PHARMACEUTICALS L.P., RHODES TECHNOLOGIES, and AVRIO HEALTH L.P.,

Plaintiffs.

-against-

AIG SPECIALTY INSURANCE COMPANY (F/K/A AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY); ALLIED WORLD ASSURANCE COMPANY, LTD.; AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY; AMERICAN INTERNATIONAL REINSURANCE COMPANY (F/K/A STARR EXCESS LIABILITY INSURANCE INTERNATIONAL LIMITED); ARCH REINSURANCE LTD.; ASPEN AMERICAN INSURANCE COMPANY; CERTAIN MEMBER COMPANIES OF THE INTERNATIONAL UNDERWRITING ASSOCIATION OF LONDON SUBSCRIBING TO POLICY NO. 823/KE0002108; CHUBB BERMUDA INSURANCE LTD. (F/K/A ACE BERMUDA INSURANCE LTD.); EVANSTON INSURANCE COMPANY; GULF UNDERWRITERS INSURANCE COMPANY; HDI GLOBAL SE (F/K/A

Chapter 11

Case No. 19-23649 (SHL)

(Jointly Administered)

Adv. No. 21-07005-shl

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's registration number in the applicable jurisdiction, are as follows: Purdue Pharma L.P. (7484), Purdue Pharma Inc. (7486), Purdue Transdermal Technologies L.P. (1868), Purdue Pharma Manufacturing L.P. (3821), Purdue Pharmaceuticals L.P. (0034), Imbrium Therapeutics L.P. (8810), Adlon Therapeutics L.P. (6745), Greenfield BioVentures L.P. (6150), Seven Seas Hill Corp. (4591), Ophir Green Corp. (4594), Purdue Pharma of Puerto Rico (3925), Avrio Health L.P. (4140), Purdue Pharmaceutical Products L.P. (3902), Purdue Neuroscience Company (4712), Nayatt Cove Lifescience Inc. (7805), Button Land L.P. (7502), Rhodes Associates L.P. (N/A), Paul Land Inc. (7425), Quidnick Land L.P. (7584), Rhodes Pharmaceuticals L.P. (6166), Rhodes Technologies (7143), UDF LP (0495), SVC Pharma LP (5717) and SVC Pharma Inc. (4014). The Debtors' corporate headquarters is located at One Stamford Forum, 201 Tresser Boulevard, Stamford, CT 06901.

1

-------------------------------------------------------------------------------x
GERLING-KONZERN GENERAL INSURANCE COMPANY); IRONSHORE SPECIALTY INSURANCE COMPANY (F/K/A TIG SPECIALTY INSURANCE COMPANY); LIBERTY INSURANCE CORPORATION; LIBERTY MUTUAL FIRE INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE EUROPE SE (F/K/A LIBERTY INTERNATIONAL INSURANCE COMPANY); NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; NAVIGATORS SPECIALTY INSURANCE COMPANY; NORTH AMERICAN ELITE INSURANCE COMPANY; ST. PAUL FIRE AND MARINE INSURANCE COMPANY; STEADFAST INSURANCE COMPANY; SWISS RE INTERNATIONAL S.E. (F/K/A SR INTERNATIONAL BUSINESS INSURANCE COMPANY; ALSO F/K/A ZURICH REINSURANCE (LONDON) LIMITED); TENECOM LIMITED (F/K/A WINTERTHUR SWISS INSURANCE COMPANY); XL BERMUDA LTD. (F/K/A XL INSURANCE COMPANY, LTD.); XL INSURANCE AMERICA, INC.,

                                      Defendants.
-------------------------------------------------------------------------------x

## **JOINT PROPOSED AMENDED SCHEDULING AND PRE-TRIAL ORDER**

The parties respectfully propose the following Joint Amended Scheduling and Pre-Trial Order, to replace the Amended Scheduling and Pre-Trial Order entered on April 22, 2022 (Adv. Doc. 224):

1. All fact discovery shall be completed by February 17, 2023.

    In the event of a dispute over discovery, the parties' counsel shall promptly confer to attempt in good faith to resolve the dispute. If, notwithstanding their good faith efforts to do so, they are unable to resolve a discovery issue, they shall promptly request a discovery conference.

2. On January 13, 2023, the parties shall disclose the identity of any expert expected to testify at trial. The disclosure shall include the name and position of the expected testifying expert, and provide a brief description of the subject matter of the expected testimony. This paragraph does not apply to rebuttal experts.

3. Expert disclosures in the form and substance provided by Federal Rule of Civil Procedure 26(a)(2) and any applicable Federal Rules of Bankruptcy Procedure, local rules of the Southern District of New York, or chamber rules of Judge Lane shall be served by March 17, 2023; rebuttal expert disclosures shall be served by

      April 21, 2023; and expert depositions shall be completed by May 26, 2023.

4. Any party may file a motion for summary judgment under Fed. R. Bankr. P. 7056, subject to the requirements of Local Bankruptcy Rule 7056-1(a). Any motions for summary judgment under Fed. R. Bankr. P. 7056 shall be filed and served no later than June 23, 2023; oppositions shall be due forty-five (45) days after any such motion is filed and served; and, if the movant deems it necessary to file a reply, the reply must be filed and served thirty (30) days after the opposition is filed and served.[2] The parties will coordinate with each other to select a mutually-acceptable hearing date that the Court has available prior to filing any such motions.

5. If there are no pending motions for summary judgment on [July 20, 2023], the Court will hold a final pretrial conference on that date. If there are pending motions for summary judgment on that date, the final pretrial conference shall take place approximately 45 days after the Court issues its decision on the pending motion or motions for summary judgment.

6. In advance of the final pretrial conference, the parties shall meet and confer and provide the Court with a joint pre-trial order as directed by the Court.

7. Nothing herein shall be deemed consent by any party to a trial in this Court or to entry of final judgment by this Court.

**SO ORDERED**:

_____
Hon. Sean H. Lane
United States Bankruptcy Judge

Dated:  White Plains, New York

      _____ \_, _____

---

[2] To the extent reasonably possible, co-plaintiffs and insurer defendants, respectively, shall use best efforts to file consolidated pleadings.

3