**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 19-23649 (SHL) |
| PURDUE PHARMA L.P., et al., | Chapter 11 |
| Debtors. | |
| | |
| PURDUE PHARMA L.P., PURDUE PHARMA INC., PURDUE PHARMA MANUFACTURING L.P., PURDUE PHARMACEUTICALS L.P., PURDUE TRANSDERMAL TECHNOLOGIES L.P., PURDUE PHARMACEUTICAL PRODUCTS L.P., PURDUE PHARMA OF PUERTO RICO, RHODES PHARMACEUTICALS L.P., RHODES TECHNOLOGIES, AND PURDUE PRODUCTS L.P. | Jointly Administered  Adv. Case No. 21-07005-shl |
| Plaintiffs,  v.  AIG SPECIALTY INSURANCE COMPANY (F/K/A AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY), et al.,  Defendants. | |

## **STIPULATION**

This Stipulation (the "Stipulation") is entered into by and between the Plaintiffs[1] and the

Defendants[2] (together, the "Parties") in the above-captioned adversary proceeding (the "Adversary

Proceeding" or "Adv. Pro."), by and through their undersigned counsel.

---

[1] The Plaintiffs are Purdue Pharma L.P.; Purdue Pharma Inc.; Purdue Pharma Manufacturing L.P.; Purdue Pharmaceuticals L.P.; Purdue Transdermal Technologies L.P.; Purdue Pharmaceutical Products L.P.; Purdue Pharma of Puerto Rico; Rhodes Pharmaceuticals L.P.; Rhodes Technologies; and Purdue Products L.P.; the Ad Hoc Committee of Governmental and Other Contingent Litigation Claimants; and the Official Committee of Unsecured Creditors of Purdue Pharma, L.P., et al.

[2] The Defendants are American Guarantee and Liability Insurance Company; Aspen American Insurance Company; Liberty Insurance Corporation; Liberty Mutual Fire Insurance Company; Liberty Mutual Insurance Company; National Union Fire Insurance Company of Pittsburgh, Pa.; Navigators Specialty Insurance Company; Swiss Re Corporate Solutions Elite Insurance Company (f/k/a North American Elite Insurance Company); St. Paul Fire and

WHEREAS, on September 15, 2019, Purdue and its related entities filed for relief under Chapter 11 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Proceeding" or "Bankruptcy") [Bankruptcy Dkt. No. 1];

WHEREAS, on January 29, 2021, Plaintiffs initiated this Adversary Proceeding against the Defendants and others[3] by filing an adversary complaint [Adv. Pro. Dkt. No. 1];

WHEREAS, on September 1, 2021, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (Drain, J.) rendered an oral ruling confirming the Debtors' proposed plan of reorganization (the "Plan") [Bankruptcy Dkt. No. 3731], and on September 17, 2021, the Bankruptcy Court entered an order confirming the Plan (the "Confirmation Order") [Bankruptcy Dkt. No. 3787];

WHEREAS, in September 2021, the United States Trustee and certain creditors filed notices of appeal of the Confirmation Order [*E.g.,* Bankruptcy Dkt. No. 3776];

WHEREAS, on December 16, 2021, the United States District Court for the Southern District of New York (the "District Court") (McMahon, J.) reversed the Confirmation Order and vacated the Plan [Bankruptcy Dkt. No. 4246];

---

Marine Insurance Company; Gulf Underwriters Insurance Company; Steadfast Insurance Company; and XL Insurance America, Inc.

[3] The adversary complaint also named as defendants AIG Specialty Insurance Company; American International Reinsurance Company; New Hampshire Insurance Company; Liberty Mutual Insurance Europe S.E.; Chubb European Group SE (formerly ACE Insurance S.A.-N.V.); QBE UK Limited (formerly QBE International Insurance Company Limited); SR International Business Company SE (formerly SR International Business Insurance Company Limited); Darag Insurance UK Limited (formerly The Underwriter Insurance Company Limited); Zurich Specialties London Limited (formerly Zurich Reinsurance (London) Limited); Ironshore Specialty Insurance Company (formerly TIG Specialty Insurance Company); Allied World Assurance Company, Ltd.; HDI Global SE / HDI Global SE – UK (successor to Gerling Konzern General Insurance Company UK Branch); Arch Reinsurance Ltd; XL Bermuda Ltd.; Chubb Bermuda Insurance Ltd; and Evanston Insurance Company (collectively the "Arbitration Insurers").

On April 5, 2021, the Arbitration Insurers filed a Motion to Stay the Claims Against Them in the Adversary Proceeding, which the Court (Drain, J.) granted on June 21, 2021.

WHEREAS, in January 2022, the Debtors and certain creditors filed notices of appeal of the District Court's order reversing the Confirmation Order and vacating the Plan [*E.g.,* District Court Dkt. No. 318];

WHEREAS, on May 23, 2023, the parties appeared before the Bankruptcy Court (Lane, J.) for a virtual conference via Zoom, during which the Parties discussed Plaintiffs' proposal to stay this Adversary Proceeding;

WHEREAS, on May 30, 2023, the United States Court of Appeals for the Second Circuit (the "Court of Appeals") reversed the order of the District Court, affirmed the Bankruptcy Court's approval of the Plan, and remanded the case to the District Court for further proceedings consistent with the Court of Appeals' opinion;

WHEREAS, on June 28, 2023, the parties jointly proposed a stipulation to: (1) stay the Adversary Proceeding until a date in September 2023 for a further status conference; (2) formally adjourn all scheduling deadlines in the case; and (3) continue the prevailing discovery pause until the date of the September status conference, provided, that Defendants may continue to prosecute document subpoenas that were propounded prior to May 23, 2023 on third-parties unaffiliated with the Debtors ("Stay Stipulation");

WHEREAS, on July 28, 2023, the U.S. Trustee filed an Application for a Stay of the Mandate of the United States Court of Appeal for the Second Circuit Pending the Filing and Disposition of Petition for a Writ of Certiorari ("Stay Application");

WHEREAS, on August 10, 2023, the U.S. Supreme Court construed the Stay Application as a Petition for a Writ of Certiorari and granted the Petition and the Stay Application.  The U.S. Supreme Court ordered that the case be argued in the December 2023 argument session;

WHEREAS, on August 17, 2023, the Court (Lane, J.) entered the Stay Stipulation as its Order, scheduling a status conference for September 20, 2023, which was subsequently adjourned to October 11, 2023, at 11:00 a.m;

WHEREAS, on September 15, 2023, the parties jointly proposed a subsequent stipulation ("Second Stay Stipulation") to: (1) stay the Adversary Proceeding until a further status conference which would be held approximately thirty (30) days after the U.S. Supreme Court ruled on the U.S. Trustee's Stay Application; (2) formally adjourn all scheduling deadlines in the case; (3) continue to pause discovery until the date of the post-U.S. Supreme Court decision status conference, except for certain discovery expressly allowed by the Stay Stipulation; (4) require the parties to use the period between the U.S. Supreme court's ruling and the ensuing status conference to use best efforts, based on the then-current status of the Plan, to reach agreement regarding how the Adversary Proceeding should proceed, and to prepare, if appropriate, an amended scheduling order or pre-trial order for the Court's consideration;

WHEREAS, On September 20, 2023, the Court (Lane, J.) entered the Second Stay Stipulation as its Order;

WHEREAS, the U.S. Supreme Court issued its ruling reversing this Court's Confirmation Order on June 27, 2024;

WHEREAS, on July 10, 2024, the Court entered an Order [ECF No. 6537] authorizing and appointing Co-Mediators to conduct a Mediation among representatives of certain "Mediation Parties" with respect to a "Mediation Topic," both of which terms are defined therein. Unless a resolution has been reached in the Mediation before such time or upon further order of the Court, the Mediation shall terminate on September 9, 2024 at 11:59 p.m. (prevailing Eastern Time).

WHEREAS, the Debtors' Plan is yet to be effectuated by the filing of a notice of effective date.

**NOW, THEREFORE, IT IS HEREBY MUTUALLY AGREED AND STIPULATED**, by and between the Plaintiffs and the Defendants, and **SO ORDERED** by the Court:

1.      The current stay of the Adversary Proceeding shall be continued until this Court holds a further status conference, which shall be approximately thirty (30) days after the Mediation referenced above has concluded.

2.      All deadlines provided in the Joint Amended Scheduling and Pre-Trial Order, entered on December 22, 2022, remain adjourned.  In advance of the status conference referenced in paragraph 1 above, the Parties will use best efforts, based on the then current status of the Plan, to reach agreement regarding how the Adversary Proceeding should proceed, including, as appropriate, on an amended scheduling and pre-trial order for the Court's consideration.

3.      During the adjournment and stay, all discovery between the Parties shall remain paused and no deposition discovery of third parties shall occur provided, however, Defendants may continue to prosecute document subpoenas that were propounded prior to May 23, 2023 on third parties unaffiliated with the Debtors.

Dated: New York, New York
        July 26, 2024

**Signed By Plaintiffs:**

*s/Bert Wells*
PURDUE PHARMA L.P., PURDUE PHARMA
INC., PURDUE PHARMA MANUFACTURING
L.P., PURDUE PHARMACEUTICALS L.P.,
PURDUE TRANSDERMAL TECHNOLOGIES L.P.,
PURDUE PHARMACEUTICAL PRODUCTS L.P.,
PURDUE PHARMA OF PUERTO RICO, RHODES
PHARMACEUTICALS L.P., RHODES
TECHNOLOGIES, and PURDUE PRODUCTS L.P.

_s/ Richard Leveridge_
AD HOC COMMITTEE OF GOVERNMENTAL
AND OTHER CONTINGENT LITIGATION
CLAIMANTS

_s/ Justin Alberto_
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF PURDUE PHARMA, L.P., ET AL.

**Signed By Defendants:**

_s/ Lynn H. Murray_
AMERICAN GUARANTEE AND LIABILITY
INSURANCE COMPANY

_s/ Adam H. Fleischer_
ASPEN AMERICAN INSURANCE COMPANY

_s/ William T. Russell, Jr._
GULF UNDERWRITERS INSURANCE
COMPANY

_s/ Nicholas Cramb_
LIBERTY INSURANCE CORPORATION

_s/ Nicholas Cramb_
LIBERTY MUTUAL FIRE INSURANCE
COMPANY

_s/ Nicholas Cramb_
LIBERTY MUTUAL INSURANCE COMPANY

_s/ Joseph G. Davis_
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

_s/ Colleen P. Sorensen_
NAVIGATORS SPECIALTY INSURANCE
COMPANY

_s/ William T. Russell, Jr._
ST. PAUL FIRE AND MARINE INSURANCE
COMPANY

*s/ Lynn H. Murray*
STEADFAST INSURANCE COMPANY

*s/ Adam H. Fleischer*
SWISS RE CORPORATE SOLUTIONS ELITE
INSURANCE COMPANY (F/K/A NORTH
AMERICAN ELITE INSURANCE COMPANY)

*s/ Jason R. Scheiderer*
XL INSURANCE AMERICA, INC.


**SO ORDERED**.

Dated:    August 9, 2024
          White Plains, New York

*/s/ Sean H. Lane*
The Honorable Sean H. Lane
United States Bankruptcy Judge